IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE ESTATE OF MARGARITE E. MARTIN, by EARNEST ECHOLES, EXECUTOR | § § § § | PLAINTIFFS |
| v. | § § | Civil Action No. 1:08cv157HSO-JMR |
| THE UNITED STATES OF AMERICA | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

BEFORE THE COURT is the Motion [25-1] of Defendant United States of America, to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Rule 12(b)(1), or in the Alternative, for Summary Judgment, pursuant to Rule 56, filed April 29, 2010, in the above captioned cause.[1] To date, Plaintiffs have not filed a Response.[2] After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion to Dismiss should be granted.

I. BACKGROUND

On or about January 18, 2006, Ms. Margarite Martin was involved in automobile accident on Highway 49 in Gulfport, Mississippi, wherein the vehicle

---

[1] Subsequent to the Fifth Circuit affirming this Court's decision rendered in *Ecker v. United States of America*, 358 Fed. App'x 551 (5th Cir. 2009), this Court granted leave for Defendant to reassert the instant Motion.

[2] On May 17, 2010, the Court entered a text only order directing Plaintiffs to file a Response to Defendant's Motion on or before May 24, 2010, and also advising Plaintiffs that should they elect to not file a response, the Court would proceed with ruling on the merits.

she was driving collided with a van being driven by Master Sergeant Daniel E. McCullough ["MSgt McCullough"], of the Mississippi National Guard. *See* Compl. at ¶¶ 7-8. Plaintiffs claim that as a result of the collision, Margarite Martin suffered serious bodily injuries, which resulted in her death. *See id.* at ¶ 11. The threshold legal questions presented in this case are similar, if not identical, to those presented in *Ecker v. United States*, 358 Fed. App'x 551 (5th Cir. 2009).

As was the case in *Ecker*, Mississippi Governor Haley Barbour declared a State of Emergency to exist throughout the entire State of Mississippi, pursuant to the Mississippi Emergency Management Law [MEML], MISS. CODE ANN. § 33-15-1(b)(17), in response to the destruction caused to the Mississippi Gulf Coast by Hurricane Katrina. *See* Proclamation, attached as Ex. "B" to Def.'s Mot. On or about September 4, 2005, Governor Barbour wrote the United States Secretary of Defense ["DoD"] requesting permission to invoke Title 32 U.S.C. Chapter 9 status for all military personnel assisting with Katrina relief efforts. *See* Letter, attached as Ex. "D" to Def.'s Mot. The DoD approved the request on September 7, 2005. *See* DoD Memorandum, attached as Ex. "E" to Def.'s Mot.

Members of the Mississippi National Guard participated in these relief efforts pursuant to a September 4, 2005, Emergency Management Assistance Interstate Mutual Aid Request from the State of Mississippi. *See* Thaggard Dec., attached as Ex. "I" to Def.'s Mot. MSgt McCullough, assigned to the 155th Armored Brigade, headquartered in Tupelo, Mississippi, was one such member involved in

the relief efforts on the Mississippi Gulf Coast. *See id.* at pp. 1-2.

There is no dispute that at the time of the accident, MSgt McCullough was on active duty and was engaged in Hurricane Katrina recovery operations. *See id.* at ¶9 (stating that MSgt McCullough was acting within "the course and scope of his service on behalf of the Department of the United States Army" at the time of the accident); *see also* Culberson Dec., attached as Ex. "G" to Def.'s Mot. (stating that McCullough was authorized to operate the military vehicle and engaged in military duties at the time of the accident).

Plaintiffs filed their Complaint on April 18, 2008, against the United States of America, pursuant to the Federal Tort Claims Act ["FTCA"], 28 U.S.C. §§ 2671, *et seq*. Defendant now moves this Court for dismissal of Plaintiffs' claims on grounds that they do not fall within the FTCA's waiver of sovereign immunity, such that this Court lacks subject matter jurisdiction over this case.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). "[F]ederal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." *Lawrence v. Dunbar*, 919 F.2d 1525, 1531 (11th Cir. 1990) (*referencing Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)).

Where, however, the merits of the actual cause of action are irrelevant to the Court's determination of subject matter jurisdiction, the motion is properly treated as one under Rule 12(b)(1). *See Hix v. U.S. Army Corps of Engineers*, 155 Fed. App'x 121, 128 (5th Cir. 2005). Because the Court need not consider the merits of Plaintiffs' state law negligence claims in order to resolve whether the FTCA confers subject matter jurisdiction over this case, Defendant's Motion will be addressed under Rule 12(b)(1). *See id; see also Ecker v. United States*, 358 Fed. App'x 551 (5th Cir. 2009); *Robin v. United States*, 233 Fed. App'x 350 (5th Cir. 2007).

B. <u>The Federal Tort Claims Act (FTCA) and the Mississippi Emergency Management Law (MEML)</u>

Federal courts are without subject matter jurisdiction to hear suits against the United States unless there has been a waiver of sovereign immunity. *See United States v. Sherwood,* 312 U.S. 584, 591 (1941). The FTCA, enacted by Congress in 1946, contains a limited waiver of sovereign immunity. *See United States v. Orleans,* 425 U.S. 807, 813 (1976). It authorizes suits against the United States

> for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 2672.

The Act states that the United States will be liable in tort "in the same

manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. 28 U.S.C. § 1346(b)(1) confers upon district courts exclusive jurisdiction over FTCA actions "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "'[L]aw of the place,' as the phrase is used in section 1346(b), 'refers exclusively to state law.'" *Robin v. United States*, No. 04-2230, 2006 WL 2038169, at *1 (E.D. La. July 17, 2006)(*quoting Brown v. United States*, 653 F.2d 196, 201 (5th Cir. 1981)).

> 28 U.S.C. § 2671 defines an employee of the government to include "members of the military or naval forces of the United States" who are "acting in line of duty." ... Whether military personnel are acting within the line of duty is determined by applicable state rules of *respondeat superior*.

*Garza v. United States*, 809 F.2d 1170, 1171 (5th Cir. 1987)(citation omitted).

Here, there is no dispute that MSgt McCullough was placed in duty status under 32 U.S.C. § 502(f), or that he was acting within the line of duty. *See* National Guard Bureau Mem. at p. 7, attached as Ex. "F" to Def.'s Mot; *see also* Compl. ¶¶ 3, 9; Culberson Dec., attached as Ex. "G" to Def.'s Mot. Therefore, in order for Defendant to be liable under the FTCA, Plaintiffs must demonstrate that a waiver of sovereign immunity occurred such that MSgt McCullough would be liable to them under Mississippi law. The threshold issue before the Court, then, is whether the Mississippi Emergency Management Law [MEML], codified at MISS. CODE ANN. §§ 33-15-1, *et seq.*, would afford immunity to MSgt McCullough under the circumstances presented here.

Section 33-15-21(a) provides in part that:

(a) Neither the state nor any political subdivision thereof, nor other agencies, nor, except in cases of willful misconduct, the agents, employees, or representatives of any of them engaged in any emergency management activities, while complying with or attempting to comply with this article or any rule or regulation promulgated pursuant to the provisions of this article, shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity.

MISS. CODE. ANN. § 33-15-21.

Based on the pleadings before the Court, there is and can be no dispute that at the time of the accident, MSgt McCullough was engaged in emergency management activities in Harrison County, Mississippi.[3] Nor is there any dispute that these

---

[3]Section 33-15-5 of the Mississippi Code provides, in part, that:

(c) "Emergency management" means the preparation for, the mitigation of, the response to, and the recovery from emergencies and disasters.
...
(h) "Emergency" means any occurrence, or threat thereof, whether natural, technological, or man-made, in war or in peace, which results or may result in substantial injury or harm to the population or substantial damage to or loss of property.
...
(m) "Disaster" means any natural, technological or civil emergency as defined in this section that causes damage of sufficient severity and magnitude to result in a declaration of an emergency by a county or municipality, the Governor or the President of the United States. Disasters shall be identified by the severity of resulting damage, as follows:
    (I) "Catastrophic disaster" means a disaster that will require massive state and federal assistance, including immediate military involvement.
    (ii) "Major disaster" means a disaster that will likely exceed local capabilities and require a broad range of state and federal assistance.
    (iii) "Minor disaster" means a disaster that is likely to be within the response capabilities of local government and to result in only a minimal need for state or federal assistance.
....

MISS. CODE ANN. § 33-15-5.

activities were conducted at the behest of the Adjutant General of the State of Mississippi. Based on the record, the Court must conclude that on January 18, 2006, MSgt McCullough would be considered an agent or representative of the State of Mississippi for purposes of section 33-15-21. *See Ecker,* 358 Fed. App'x at 553.

The language of section 33-15-21(a) plainly applies to agents or representatives of the state, except in cases of willful misconduct. Here, Plaintiffs' Complaint alleges only state law negligence claims. *See* Compl. ¶¶ 8-9. There is insufficient evidence indicating any willful misconduct by MSgt McCullough. Based upon the evidence in the record, the Court is of the opinion that at the time of the accident, MSgt McCullough was in compliance with, or was attempting to comply with, the provisions and purposes of the MEML, and he is therefore entitled to immunity pursuant to section 33-15-21(a) of the Mississippi Code.

This Court, pursuant to section 33-15-21(a), analogizes MSgt McCullough to a private individual solicited by the state to provide emergency response aid to an area declared to be in a State of Emergency, in accordance with local law. *See United States v. Olson*, 546 U.S. 43, 46-47 (2005)(*quoting* S. Rep. No. 1400, 79th Cong., 2d Sess., 32 (1946)(the purpose of the FTCA was to make the tort liability of the United States "the same as that of a private person under like circumstance, in accordance with the local law."). The latter portion of section 33-15-21(a) states that:

> [t]he provisions of this section shall not affect the right of any person to receive benefits to which he would otherwise be entitled under this article, or under the workmen's compensation law, or under any pension law, nor the right of any such person to receive any benefits or

compensation under any act of congress.

MISS. CODE ANN. § 33-15-21(a).

A plaintiff's right to recover under the FTCA is not absolute. As stated, the FTCA contains a *limited* waiver of sovereign immunity. The purpose of the FTCA was to make the tort liability of the United States "the same as that of a private person under like circumstance, in accordance with the local law." *See Olson*, 546 U.S. at 46-47 (*quoting* S. Rep. No. 1400, 79th Cong., 2d Sess., 32 (1946)). Any liability of Defendant would necessarily depend upon it being held vicariously liable for the conduct of its agent, MSgt McCullough. Under local law, MSgt McCullough is immune from suit. Because Defendant cannot be held vicariously liable under local law for the alleged tortious conduct of MSgt McCullough, Defendant's sovereign immunity is not waived under the FTCA. *See, e.g., Ecker,* 358 Fed. App'x at 553; *Robin,* 2006 WL 2038169 (finding sovereign immunity of United States not waived upon application of La. R.S. 29:735).[4]

## III. CONCLUSION

Based upon the foregoing, Plaintiffs' claims do not fall within the limited waiver of sovereign immunity of the Federal Tort Claims Act, specifically 28 U.S.C. §§ 1346(b), 2670, *et seq*. Therefore, this Court lacks subject matter jurisdiction over this case and Defendant's Motion must be granted pursuant to Federal Rule of Civil Procedure

---

[4] La. R.S. 29:735(B) is nearly identical to the latter portion of MISS. CODE ANN. § 33-15-21(a).

12(b)(1).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [25-1] of Defendant United States of America, to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Rule 12(b)(1), filed April 29, 2009, in the above captioned cause, should be and hereby is **GRANTED**, and this civil action is hereby dismissed, with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the alternative Motion [25-1] of Defendant United States of America, for Summary Judgment, pursuant to Rule 56, filed April 29, 2010, in the above captioned cause, is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 23rd day of July, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE